[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14393

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-20273-CV-JLK

ERNESTO ALONSO MEJIA RODRIGUEZ,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF HOMELAND SECURITY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 16, 2009)

Before BARKETT and FAY, Circuit Judges, and TRAGER,* District Judge.

_____

* Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

PER CURIAM:

Ernesto Alonso Mejia Rodriguez ("Mejia Rodriguez"), a native and citizen of Honduras, appeals from the district court's dismissal of his complaint for lack of subject matter jurisdiction. His complaint asserts that the United States Citizenship and Immigration Services ("USCIS") unlawfully denied his request to renew his Temporary Protected Status ("TPS"), finding him statutorily ineligible for that relief as a matter of law. The district court concluded that pursuant to the judicial review provisions of 8 U.S.C. § 1252(a)(2)(D), Mejia Rodriguez had to raise his claim, which it characterized as a legal challenge to USCIS's denial of a discretionary immigration benefit, in a petition for review with the court of appeals in the first instance, rather than with the district court, and accordingly dismissed the complaint.

## I. Background

Mejia Rodriguez legally entered the United States from Honduras on a B-2 visa[1] in 1980 when he was fifteen years old. He overstayed this visa and was ordered removed on that basis by an immigration judge. This order of removal was eventually upheld on appeal by the Board of Immigration Appeals ("BIA")

---

[1] The State Department issues B-2 visas to foreign nationals who wish to enter the United States on a temporary basis for pleasure or medical purposes.

and by this Court in 1999.[2]

As a Honduran national, Mejia Rodriguez applied for and was granted TPS in November 1999 by officials at USCIS. TPS status may be granted when the Secretary ("Secretary") of the Department of Homeland Security[3] ("Department") determines that certain conditions exist in a country, including the occurrence of an environmental disaster, that results "in a substantial, but temporary, disruption of living conditions in the area affected,"[4] and designates that foreign state for inclusion in the TPS program. Honduras was designated for inclusion in the TPS program in 1999 due to devastation caused as a result of Hurricane Mitch, and such designation has been continuously renewed, with the current designation remaining in effect until July 5, 2010. A national of a country that has been designated for inclusion in the TPS program may be granted such status by USCIS in the discretion of the Secretary, if he meets the statutory eligibility criteria for TPS and

---

[2] Mejia Rodriguez v. Reno, 178 F.3d 1139 (11th Cir. 1999).

[3] Although the statute governing TPS refers to the Attorney General as the decisionmaker, the authority to designate countries for inclusion in the TPS program and for adjudicating the eligibility of individual applicants for TPS has been transferred to the Secretary of the Department and the district directors at USCIS. See 8 U.S.C. § 1103(a); 6 U.S.C. § 271; 8 C.F.R. § 244.2. With the passage of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, the functions of the former Immigration and Naturalization Service were transferred to the Department and divided, in part, between the Bureau of Immigration and Customs Enforcement ("ICE") and USCIS. In this opinion, we refer to the decision-making authority of either the Secretary or the USCIS district director.

[4] 8 U.S.C. § 1254a(b)(1)(B)(i).

3

is not otherwise ineligible.[5]  An alien who has been granted TPS is eligible to remain legally in the United States during the designated period and cannot be removed from the United States nor placed into immigration detention during the period in which his TPS remains current.[6]

Generally, initial statutory eligibility determinations for TPS are not made by an immigration judge, but rather by the staff at local USCIS service centers within the Department.[7]  An alien whose TPS application is denied by a local USCIS service center has a right to appeal that decision to the Administrative Appeals Office ("AAO") within USCIS.[8]  If an alien's TPS application is denied by USCIS and the Department subsequently places the alien into removal proceedings, the alien has a right to a de novo determination of his eligibility for TPS by the immigration judge, which decision may be appealed to the BIA, if necessary.[9]

Mejia Rodriguez successfully re-registered for TPS with USCIS through 2004.  In March 2006, however, USCIS denied Mejia Rodriguez's TPS re-

---

[5] Id. § 1254a(c); 8 C.F.R. § 244.2.

[6] Id. §§ 1254a(a)(1)(A), (d)(4).

[7] 8 C.F.R. §§ 244.2 and 244.10(b).

[8] Id. § 244.10(c).

[9] Id. §§ 244.10(d) and 244.11.

registration application on the basis that he was statutorily ineligible as an "alien [who] has been convicted of any felony or 2 or more misdemeanors." This determination was based on two 1986 convictions for possession of a controlled substance and possession of a suspended drivers license; one 1988 conviction for driving with a suspended license; and one 1992 conviction for driving under the influence. Upon appeal to the AAO, Mejia Rodriguez argued that the 1988 and 1992 charges had been vacated on constitutional grounds and accordingly could not be considered convictions for immigration purposes,[10] and that the 1986 charges do not constitute a "conviction" for immigration purposes within the meaning of 8 U.S.C. §§ 1254a(c)(2)(B)(i) and 1101(a)(48). With regard to the 1986 convictions, he argued that because he received a sentence of "time served," the offenses did not meet the requirement that the judge order "some form of punishment, penalty, or restraint on [his] liberty to be imposed" as required by the Immigration and Nationality Act's ("INA") definition of a "conviction." See 8 U.S.C. § 1101(a)(48)(A)(ii).

The AAO dismissed Mejia Rodriguez's appeal, rejecting his argument that

---

[10] Convictions that have been vacated due to procedural or substantive defects in the underlying proceedings are no longer valid convictions for immigration purposes. See e.g., Alim v. Gonzales, 446 F.3d 1239, 1248-50 (11th Cir. 2006); In re Adamiak, 23 I & N Dec. 878, 879-80, 2006 WL 307908 (BIA Feb. 8, 2006). Mejia Rodriguez obtained orders vacating his convictions from 1988, 1989 and 1992 on constitutional grounds because the trial court failed to advise him of the immigration consequences of his no contest or guilty plea, thereby rendering those convictions invalid for immigration purposes.

5

the 1986, 1988 and 1992 convictions cannot be considered, and cited these five misdemeanor convictions as a basis for its denial. As independent bases for denying TPS, the AAO also relied on Mejia Rodriguez's "drug-related conviction" from the 1986 charges, his 1991 removal order, and his failure to provide sufficient evidence to establish continuous residence and physical presence during the requisite time periods.

Mejia Rodriguez sought review of the AAO's decision in the district court under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 704 and 706, as a final agency determination that was not in accordance with law. Upon motion by the government, the district court dismissed the complaint on the basis that "district courts do not possess subject matter jurisdiction over legal and constitutional challenges to the denial of an application for TPS," but rather the appropriate court of appeals does. In dismissing the complaint, the district court suggested that Mejia Rodriguez seek direct review of USCIS's denial of his TPS application with this Court.[11]

---

[11] Accordingly, Mejia Rodriguez filed a separate petition for review of the AAO's decision with this Court, which he sought to consolidate with this appeal. The government moved to dismiss the petition for review on the grounds that the AAO's decision was not a final order of removal, which it argued is the only type of order for which the appellate court has direct review jurisdiction. Alternatively, the government argued that if Mejia Rodriguez's petition could be construed as one seeking review of a final order of removal, the AAO's decision was issued well more than thirty days prior to the date on which the petition for review had been filed, and thus, was untimely pursuant to 8 U.S.C. § 1252(b)(1). Mejia Rodriguez responded that a court of appeals's jurisdiction is not limited to the review of final orders of

## II. Discussion

This appeal requires us to answer whether the district court has jurisdiction to review the determination by the AAO that Mejia Rodriguez is ineligible for TPS because he failed to meet the statutory eligibility requirements. We review subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y. Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

Mejia Rodriguez argues that jurisdiction exists under the APA, 5 U.S.C. § 704, and provides the only avenue for further review of USCIS's statutory eligibility decision. That section provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

Mejia Rodriguez points out that he had no further administrative remedies available to him regarding his eligibility for TPS once the AAO dismissed his

removal because 8 U.S.C. § 1252(a)(2)(B)(ii) and (D) must be read to permit a court of appeals to review constitutional claims or questions of law pertaining to discretionary decisions, regardless of whether such arguments were made in removal proceedings. Ultimately, a different panel of this Court dismissed the petition for review as untimely.

appeal. Thus, the AAO's decision is a "final agency action for which there is no other adequate remedy in a court." Accordingly, the district court has jurisdiction of his claims.

The government argues that the judicial review provisions of the INA preclude the district court's exercise of jurisdiction in this case. Because the APA specifically provides that it does not apply where "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), we first must ascertain whether judicial review of the AAO's decision regarding Mejia Rodriguez's application for TPS is precluded by any provisions of the INA.

The INA's judicial review statute[12] eliminates review by any court of discretionary decisions or actions of the Attorney General or Secretary. 8 U.S.C. § 1252(a)(2)(B)(ii). With regard to the review of denials of discretionary relief, the statute provides as follows:

> (2) Matters not subject to judicial review . . .
>
> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and <u>regardless of whether the</u>

---

[12] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, ("IIRIRA"), Pub.L. 104-208, 110 Stat. 3009, amended the INA's provisions pertaining to removal of aliens and enacted new judicial review provisions, codified at 8 U.S.C. § 1252. These rules provide, in part, that the appropriate court of appeals has the sole and exclusive jurisdiction to review removal orders, 8 U.S.C. § 1252(a)(5), and lay out the procedures governing such review, <u>id.</u> § 1252(b).

judgment, decision, or action is made in removal proceedings,[13] no court shall have jurisdiction to review–

(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii) <u>any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security</u>, other than the granting of relief under section 1158(a) of this title.

<u>Id.</u> § 1252(a)(2)(B)(i) and (ii) (emphasis added).

The ultimate decision of whether to grant TPS to an alien is undisputedly within the discretion of the Secretary. <u>See id.</u> § 1254a(a)(1)(A); 8 C.F.R. § 244.2. However, simply because the Secretary has the ultimate discretionary authority to grant an immigration benefit does not mean that every determination made by USCIS regarding an alien's application for that benefit is discretionary, and hence not subject to review. Rather the language of the INA's judicial review provision – "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security" – is

_____

[13] The language "regardless of whether the judgment, decision, or action is made in removal proceedings" was added with the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, presumably to resolve a disagreement between some of our sister circuits and district courts as to whether § 1252(a)(2)(B) applied outside the context of removal proceedings, given that the majority of the provisions within § 1252 seemingly concern removal orders. <u>See</u> ANA Intern., Inc. v. Way, 393 F.3d 886, 891 n.3 (9th Cir. 2004) (noting disagreement prior to the REAL ID Act regarding the applicability of § 1252(a)(2)(B) outside removal proceedings).

9

more precise. The statute requires us to look at the <u>particular</u> decision being made and to ascertain whether <u>that</u> decision is one that Congress has designated to be discretionary. The Third Circuit has explained the significance of this distinction within the judicial review provisions of § 1252(a)(2)(B)(ii):

> The jurisdiction-stripping language of § 1252(a)(2)(B)(ii) applies not to all decisions the Attorney General is entitled to make, but to a narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion. Put another way, the Attorney General's general authority to arrive at an outcome through the application of law to facts is distinct from the issue of whether Congress has "specified" that the decision lies in the Attorney General's discretion and is thus unreviewable.

<u>Alaka v. Att'y Gen.</u>, 456 F.3d 88, 95-96 (3d Cir. 2006); <u>accord</u> <u>Nethangani v. Mukasey</u>, 532 F.3d 150, 154-55 (2d Cir. 2008) ("[W]hen a statute authorizes the Attorney General to make a determination, but lacks additional language specifically rendering that determination to be within his discretion . . . the decision is not one that is 'specified . . . to be in the discretion of the Attorney General' for purposes of § 1252(a)(2)(B)(ii).").

In the context of adjudicating an application for TPS, the director of USCIS is required to make many decisions based on his legal interpretation of an alien's statutory eligibility for this immigration benefit before exercising his ultimate discretionary authority to grant or deny the application. <u>See</u> 8 U.S.C. § 1254a(c)

10

(outlining the eligibility standards for individual applicants for TPS). Those several preliminary <u>statutory</u> eligibility decisions are not ones that involve discretion. Instead, staff at USCIS must simply apply the facts of the applicant's situation to the relevant law when deciding whether the applicant has satisfied these statutory eligibility requirements.

In <u>Pinho v. Gonzales</u>, 432 F.3d 193 (3d Cir. 2005), the Third Circuit recognized this distinction when it concluded that § 1252(a)(2)(B)(ii) did not eliminate the jurisdiction of a district court to review an immigrant's statutory eligibility for adjustment of status. In <u>Pinho</u>, the alien challenged, in district court, the AAO's affirmance of the USCIS district director's denial of his application for adjustment of status based on its finding that the alien was statutorily ineligible due to a prior conviction. 432 F.3d at 197-98. In reaching its conclusion regarding the district court's subject matter jurisdiction, the Third Circuit acknowledged "[i]t is important to distinguish carefully between a denial of an application to adjust status, and a determination that an immigrant is legally ineligible for adjustment of status." <u>Id.</u> at 203. The Third Circuit went on to explain,

> In the case of adjustment of status, an eligible immigrant may have his application denied within the discretion of the agency. But the immigrant's eligibility itself is determined by statute. To treat all denials of adjustment as discretionary, even when based on eligibility determinations that are plainly matters of law, is to fundamentally misunderstand the relationship between the executive and the

11

judiciary.

Id.  The Third Circuit concluded that because a "[d]etermination of eligibility for adjustment of status–unlike the granting of adjustment itself–is a purely legal question and does not implicate agency discretion," id. at 204, § 1252(a)(2)(B)(ii) would not preclude review of the challenged, non-discretionary agency action at issue in that case, id.

We agree that the statutory eligibility determinations USCIS is obligated to make in deciding whether to grant or deny an application for TPS are not "decision[s] or action[s] . . . the authority for which is specified to be in the discretion of [USCIS]." § 1252(a)(2)(B)(ii).  Like adjustment of status, the ultimate decision of whether to grant or deny TPS is a decision that is within the discretion of the Secretary, but is also one that first requires an assessment of an alien's statutory eligibility.  It is precisely the statutory eligibility determinations made by USCIS regarding his application for TPS that Mejia-Rodriguez seeks to have reviewed by the district court in this case.

In dismissing Mejia Rodriguez's appeal, the AAO was explicit that its decision was based on Mejia Rodriguez's failure to meet his burden in establishing that he met certain statutory requirements as identified by the AAO in its decision, including: (1) Mejia Rodriguez's five misdemeanor convictions; (2) his

12

inadmissibility from a drug related conviction in 1986; (3) his failure to establish continuous residence and physical presence; and (4) his prior removal order. Nothing in the AAO's decision indicates that the agency denied Mejia Rodriguez's TPS application based on its discretionary authority. Rather the decision rests on the AAO's determination that Mejia Rodriguez failed to meet his initial burden to prove statutory eligibility.[14] Again, these are precisely the legal, non-discretionary determinations that Mejia Rodriguez seeks to have reviewed by the district court. See e.g., Ruiz v. Mukasey, 552 F.3d 269, 275-76 (2d Cir. 2009) (concluding that a district court may properly exercise jurisdiction over USCIS's denial of a I-130 immediate relative petition because the pertinent statutory provision does not contain language specifically rendering the determination to be within the discretion of the Attorney General).

Accordingly, § 1252(a)(2)(B)(ii) does not preclude the district court from reviewing Mejia Rodriguez's challenge to these determinations by the AAO because such non-discretionary, statutory eligibility decisions made by USCIS fall outside the limitations on judicial review in the INA. Furthermore, we do not find that any of the other judicial review provisions of § 1252 bar review by the district

---

[14] Additionally, the government also concedes in its brief that USCIS's denial of Mejia Rodriguez's TPS application relied on statutory criteria.

court of Mejia Rodriguez's claim.[15]

Having concluded that the provisions of § 1252(a)(2)(B)(ii) do not preclude judicial review of the determinations that USCIS made regarding Mejia Rodriguez's statutory eligibility for TPS, we next address the district court's jurisdiction under the APA.

Mejia Rodriguez asserts that jurisdiction in the district court is proper under the APA, § 704, because the decision of the AAO in dismissing his appeal is a final agency action for which there is no other remedy. The Supreme Court has explained that "two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decision-making process,– it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (citations and quotations omitted).

---

[15] The majority of the provisions of § 1252 concern limitations on and procedures governing judicial review of final orders of removal. The denial of an application for TPS is not a final order of removal, and thus the provisions of § 1252 are, for the most part, inapplicable to a denial of TPS by USCIS. Cf. Ruiz, 552 F.3d at 274 n.3 (finding that § 1252's judicial review provisions which give a court of appeals exclusive jurisdiction over removal orders do not preclude a district court from reviewing the denial of a I-130 immediate relative petition). Moreover, the government's argument that 8 U.S.C. § 1252(a)(2)(D) commits jurisdiction of constitutional and legal issues solely to a court of appeals misconstrues the nature of that judicial review provision. Rather § 1252(a)(2)(D) clarifies that review of legal and constitutional questions are possible on a petition for review, but does not withdraw district court jurisdiction that derives from other sources.

14

Here, we find that the dismissal by the AAO of Mejia Rodriguez's appeal of the denial of his application for TPS was a final agency decision. Once the AAO dismissed his appeal, Mejia Rodriguez had no further administrative remedies available to him regarding his statutory eligibility for TPS. This marked the end of the agency decision-making process for USCIS as to Mejia Rodriguez's eligibility for TPS. While the TPS regulations do permit de novo review of an alien's eligibility for TPS by an immigration judge, if he is placed into removal proceedings after the denial of his TPS, 8 C.F.R. §§ 244.10(d)(1) and 244.11, these regulations are inapplicable to the circumstances regarding Mejia Rodriguez's TPS application. Because the Department already has an existing, final order of removal against Mejia Rodriguez, he cannot seek de novo review before an immigration judge of the denial of his TPS application.[16]

Second, the decision by the AAO to deny Mejia Rodriguez's request for TPS

---

[16] We disagree with the government's contention that the AAO's decision is not reviewable on the basis that Mejia Rodriguez has not exhausted his administrative remedies because he has not demanded that the BIA sua sponte re-open his prior removal proceedings to review his TPS eligibility. We note that the government's reliance on § 1252(d) is inapposite as that statutory provision requires an alien to exhaust all administrative remedies available as of right before a court can review a final order of removal. Mejia Rodriguez is seeking review of his eligibility for TPS, not a final order of removal, thus the INA's exhaustion requirement is inapplicable in this case. Moreover, to the extent that the government argues that Mejia Rodriguez has not exhausted his administrative remedies as required by the APA, the Supreme Court has explained that the APA "explicitly requires exhaustion of all intra-agency appeals mandated either by statute or by agency rule" and that "it would be inconsistent with the plain language of [the APA] for courts to require litigants to exhaust optional appeals as well." Darby v. Cisneros, 509 U.S. 137, 146 (1993).

15

and to dismiss his appeal is one "by which rights or obligations have been determined, or from which legal consequences will flow." Bennett, 520 U.S. at 178. The denial of Mejia Rodriguez's application for TPS strips him of an immigration benefit that permitted him to live and work legally in the United States. See 8 U.S.C. § 1254a(a)(1). Moreover, his receipt of TPS enabled him to remain in the United States during the pendency of such status, despite his prior order of removal, and thus by losing the legal protection that TPS afforded him, Mejia Rodriguez is now subject to the consequence of removal from the country.

### III. Conclusion

We conclude that the district court has subject matter jurisdiction under the APA to review Mejia Rodriguez's claim, and thus, erroneously dismissed his complaint. Mejia Rodriguez is seeking to challenge, in federal district court, the legal determination by officials at USCIS that he is statutorily ineligible for TPS. Decisions regarding statutory eligibility for TPS are not ones designated to be within the discretion of the Attorney General or Secretary and hence are not precluded from review by 8 U.S.C. § 1252(a)(2)(B)(ii). Furthermore, the denial of TPS is not a final order of removal and thus not subject to the various other provisions within § 1252 pertaining to judicial review of such removal orders. Rather, Mejia Rodriguez has shown that the AAO's decision dismissing his appeal

16

is a final agency action for which he has exhausted all necessary administrative appeals.

The district court dismissed this case on the government's motion before any of the underlying claims had been briefed or addressed by that court. Accordingly, we hereby remand this matter to the district court for further proceedings to address the merits of Mejia Rodriguez's claim that USCIS erroneously determined that he is statutorily ineligible for TPS.

**REVERSED AND REMANDED.**