[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12189
Non-Argument Calendar

_____

Agency No. A095-081-574

THANIA ODDETH VILLEGAS MENJIVAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 23, 2009)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Thania Oddeth Villegas-Menjivar, through counsel, seeks review

of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for temporary protective status ("TPS"), 8 C.F.R. § 1244.2.

On appeal, Villegas-Menjivar argues that the BIA erred in interpreting § 1244.2(f)(2)(iv), which states that an alien may be granted TPS if she establishes that she registered for TPS "[d]uring any subsequent extension of such designation if at the time of the initial registration period: [The applicant satisfies one of three conditions,] or (iv) The applicant is a spouse or child of an alien currently eligible to be a TPS registrant." 8 C.F.R. § 1244.2(f)(2)(iv). Specifically, Villegas-Menjivar argues that the BIA erroneously interpreted § 1244.2(f)(2)(iv) as requiring that her spousal relationship had to exist at the time of the initial registration period.[1]

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* In this case, the BIA issued a written opinion, and, although

---

[1] To the extent that Villegas-Menjivar also contends that the BIA's interpretation of the regulation is inconsistent with the humanitarian purpose of TPS and the interest of family unity, we are without jurisdiction to consider those arguments because Villegas-Menjivar failed to raise them before the BIA. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that "[w]e lack jurisdiction to consider claims raised in a petition for review unless the petitioner has exhausted his administrative remedies").

it agreed with the IJ's ultimate conclusion, it did not expressly adopt the IJ's opinion. Accordingly, we review only the BIA's opinion. "To the extent that the BIA's or IJ's decision was based on a legal determination, we review *de novo*." *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007). The BIA's interpretation of its own regulation, however, is entitled to deference "unless that interpretation is 'plainly erroneous or inconsistent with the regulation.'" *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1326 (11th Cir. 2003) (quoting *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 911 (1997)).

Additionally, we review our subject matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). INA § 242 limits our jurisdiction over denials of discretionary relief in immigration proceedings. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); *see also* INA § 244(a)(1), 8 U.S.C. § 1254a(a)(1) (stating that the grant of TPS is discretionary). Notwithstanding this jurisdictional bar, we have held that § 242(a)(2)(B) "does not preclude review of non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief." *Gonzalez-Oropeza*, 321 F.3d at 1332. Furthermore, we retain jurisdiction over "constitutional claims or questions of law" raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Therefore, we have jurisdiction to consider whether the BIA's interpretation of § 1244.2(f)(2) is plainly erroneous or inconsistent with the language of the

3

regulation.  *See Assa'ad*, 332 F.3d at 1326.

The Secretary of the Department of Homeland Security may designate any country for the TPS program if she finds that certain conditions exist in a country, including the occurrence of an environmental disaster.  *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1140 n.3 (11th Cir. 2009); INA § 244(b)(1), 8 U.S.C. § 1254a(b)(1).  Honduras was designated for inclusion in the TPS program in 1999.  *Id.* at 1140.  To qualify for TPS, an alien who is a national of a designated country must (1) be continuously present in the United States since the effective date of the most recent designation of that country; (2) continuously reside in the United States from the date that the Secretary designates; (3) be admissible as an immigrant, subject to certain exceptions; and (4) register during an appropriate registration period, "to the extent and in a manner which the [Secretary] establishes."  INA § 244(c)(1)(A)(i)-(iv), 8 U.S.C. § 1254a(c)(1)(A)(i)-(iv).

Section 1244.2(f) sets forth the registration requirements for establishing eligibility for TPS.  The regulation requires, in relevant part, that the alien establish that he or she registered for TPS:

> During any subsequent extension of such designation if at the time of the initial registration period: (i) The applicant is a nonimmigrant or has been granted voluntary departure status or any relief from removal; (ii) The applicant has an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from

4

removal which is pending or subject to further review or appeal;
(iii) The applicant is a parolee or has a pending request for reparole; or
(iv) The applicant is a spouse or child of an alien currently eligible to be a TPS registrant.

8 C.F.R. § 1244.2(f)(2).

We conclude from the record that the BIA's interpretation of 8 C.F.R. § 1244.2(f)(2)(iv) is consistent with the plain language of the regulation. Therefore, we defer to the BIA's interpretation of the regulation as requiring both that (1) the applicant be married to someone who is currently eligible for TPS, and (2) the marriage be in existence at the time of the initial registration period. Because Villegas Menjivar did not marry her husband until after the initial registration ended, she was not eligible for TPS. Accordingly, we deny the petition for review.

**PETITION DENIED.**