[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16200
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22361-CMA


YANIEL GARRIGA,

Plaintiff-Appellant,

versus

DISTRICT DIRECTOR OF KENDALL
FIELD OFFICE OF USCIS,
Joseph Hackbarth,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 27, 2013)

Before DUBINA, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Yaniel Garriga appeals the district court's dismissal of his complaint seeking review of the U.S. Citizenship and Immigration Service's ("USCIS") discretionary denial of his application for adjustment of status, which he made pursuant to the Cuban Refugee Adjustment Act of 1966 ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161 (1966).  Garriga invoked federal jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 704; the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201; and the federal question statute, 28 U.S.C. § 1331.  The district court dismissed Garriga's complaint for lack of subject matter jurisdiction on two alternative grounds.   First, the district court concluded that the Immigration and Nationality Act ("INA"), § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii), barred its jurisdiction over discretionary decisions made under Chapter 12, Subchapter II of Title 8, 8 U.S.C. §§ 1151 to 1378, and because the CAA was codified as a historical note to 8 U.S.C. § 1255, the INA § 242(a)(2)(B)(ii) discretionary decision bar applied.  Second, the district court determined that the APA, 5 U.S.C. § 701, barred judicial review of decisions committed to agency discretion by law, and that the CAA gave the Attorney General such discretion.

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction.  *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012); *see also Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142

(11th Cir. 2009) (reviewing *de novo* the district court's determination that it did not have subject matter jurisdiction over an alien's complaint requesting review of a USCIS action). "Passing references to issues are insufficient to raise a claim for appeal." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010).

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA further states that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." *Id.* § 704. A reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed" and set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(1), (2)(A). However, the APA does not apply to the extent that "statutes preclude judicial review" or "agency action is committed to agency discretion by law." *Id.* § 701(a)(1)-(2).

Section 245 of the INA governs adjustment of status applications. INA § 245, 8 U.S.C. § 1255. It specifies that the Attorney General[1] has discretion to adjust an alien's status if the alien applies for adjustment, is eligible to receive an

---

[1] In the Homeland Security Act of 2002, Pub. L. No. 107-296, § 451, 116 Stat. 2135 (Nov. 25, 2002) (codified at 6 U.S.C. § 271), USCIS assumed the functions of the Immigration and Naturalization Service. The Homeland Security Act of 2002 also specified that any function transferred under the act "shall be deemed to refer to the Secretary, other official, or component of the Department to which such function is so transferred." 6 U.S.C. § 557. Thus, references to the Attorney General refer to the Secretary of the Department of Homeland Security.

immigrant visa, and is admissible for permanent residence.  INA § 245(a), 8 U.S.C.

§ 1255(a).  The CAA, codified as a historical note to 8 U.S.C. § 1255, provides:

> That, notwithstanding the provisions of section 245(c) of the [INA], . . . the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least one year, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

CAA, Pub. L. No. 89-732, 80 Stat. 1161, § 1 (codified as amended at 8 U.S.C.

§ 1255, historical note).

> Section 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) provides that:
>
> Notwithstanding any other provision of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

INA § 242(a)(2)(B)(i)-(ii), 8 U.S.C. § 1252(a)(2)(B)(i)-(ii).  The language

"specified under this subchapter" refers to Chapter 12, Subchapter II of Title 8, 8

U.S.C. §§ 1151 to 1378.  *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1361 (11th Cir.

2006).

4

On appeal, Garriga argues that the district court had jurisdiction to review his complaint because INA § 242(a)(2)(B)(ii), by its plain language, only applies to actions "the authority for which is specified under [Chapter 12, Subchapter II of Title 8, 8 U.S.C. §§ 1151 to 1378]," and the CAA is not part of Subchapter II because it is codified as a historical note to 8 U.S.C. § 1255. [2] We need not reach this issue, however, because we conclude that the district court correctly determined in the alternative that it lacked subject matter jurisdiction under the APA. *See* 5 U.S.C. § 701(a)(2). The APA specifies that it does not apply to agency action that is committed to agency discretion by law, and the CAA expressly states that the Attorney General may, "in his discretion," adjust any Cuban national's status if that alien meets certain requirements. 5 U.S.C. § 701(a)(2); CAA, Pub. L. No. 89-732, 80 Stat. 1161, § 1 (codified as amended at 8 U.S.C. § 1255, historical note). USCIS clearly stated in its decision that it was denying Garriga's application "as a matter of discretion" because he showed a lack of good moral character. Because USCIS's action in Garriga's adjustment application is committed to agency discretion by the CAA, the APA does not provide the district court with jurisdiction. *See* 5 U.S.C. § 701(a)(2); CAA, Pub. L. No. 89-732, 80 Stat. 1161, § 1 (codified as amended at 8 U.S.C. § 1255, historical

---

[2] Garriga also makes passing reference to the district court's jurisdiction under the federal question statute, 28 U.S.C. § 1331, and the DJA. However, we will not address whether those statutes provide jurisdiction because Garriga made only passing reference to them in his initial brief on appeal. *See Lapaix*, 605 F.3d at 1145 ("Passing references to issues are insufficient to raise a claim for appeal.").

note).  Accordingly, we affirm the district court's dismissal of Garriga's complaint for lack of subject matter jurisdiction.

**AFFIRMED.**