[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14460
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-61817-BB

DELROY W. JACKSON,

                                        Plaintiff - Appellant,

versus

HOMELAND SECURITY SECRETARY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 19, 2019)

Before MARTIN, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Delroy Jackson filed a *pro se* civil complaint against the United States Citizenship and Immigration Services (USCIS), seeking review of the denial of his application for naturalization. The district court dismissed his claim for lack of jurisdiction, and Mr. Jackson now appeals. After careful review, we affirm.

**I**

Mr. Jackson obtained permanent resident status in December of 1995. He applied for naturalization on at least two prior occasions, in 2014 and 2016. In both instances, the USCIS denied Mr. Jackson's application, and told him that he could file a Form N-336 to request a hearing to appeal the denial. Mr. Jackson filed a Form N-336 in 2016, but the USCIS denied his request both because it was untimely and because the agency reasoned that he had not met the requirements for a motion to reopen or reconsider.

At issue in this appeal is Mr. Jackson's most recent application for naturalization, which the USCIS received in March of 2017. The USCIS denied that application and informed Mr. Jackson of its decision in a July 2018 letter. The letter also advised Mr. Jackson that if he believed he could "overcome the grounds for this denial," he could "submit a request for a hearing on Form N-336 . . . within 30 calendar days of service of this decision."

2

Rather than filing a Form N-336, however, Mr. Jackson filed a complaint in federal district court. As he explained in a note attached to his complaint, he decided not to pursue an administrative appeal and instead went "to federal court because it is very stressful going back and forth with the USCIS office and getting denied with no explanation." Mr. Jackson did not otherwise explain the basis of the court's jurisdiction to hear his complaint.[1]

The district court dismissed Mr. Jackson's complaint without prejudice, concluding that it lacked jurisdiction.

## II

We review a district court's ruling on jurisdiction *de novo*. *See Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142 (11th Cir. 2009). We hold *pro se* pleadings to a less strict standard than counseled pleadings and construe them liberally. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We deem abandoned, however, issues not briefed on appeal by a *pro se* litigant. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III

---

[1] Although Mr. Jackson lists both the USCIS and the Department of Homeland Security as defendants-appellees, his complaint named the USCIS as the only defendant.

3

On appeal, Mr. Jackson does not substantively challenge the district court's reasoning or conclusion that it lacked jurisdiction. Rather, he contends that because he "pass[ed] all [his] test[s]," he should be "sw[orn] in as an American citizen." Therefore, it appears that Mr. Jackson may have abandoned any jurisdictional argument. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-82 (11th Cir. 2014). But even if Mr. Jackson had not abandoned this argument, we conclude that the district court did not err in dismissing his complaint.

The Immigration and Nationality Act confers upon the Attorney General the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). A person whose application for naturalization is denied may request an administrative appeal hearing by filing a Form N-336. *See* 8 U.S.C. § 1447(a). If, "after [this] hearing before an immigration officer," the application is denied, the applicant "may seek review of such denial before [a] United States district court." 8 U.S.C. § 1421(c).[2]

Here, Mr. Jackson has not followed this process. As he explained to the district court, he chose not to file a Form N-336 with the USCIS requesting a hearing before an immigration officer. Because he did not exhaust his administrative

---

[2] The person may also seek judicial review if no action is taken on his request for a hearing. *See* 8 U.S.C. § 1447(b).

4

remedies as required by the statute, the district court lacked jurisdiction to hear his complaint.

## IV

The district court's dismissal of Mr. Jackson's complaint is affirmed.

**AFFIRMED.**