[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14494
Non-Argument Calendar
_____

Agency No. A076-253-006

SWARAN SINGH,

                                                                            Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

                                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 2, 2019)

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Swaran Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal and denial of his application for adjustment of status pursuant to Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255.  He argues that in denying his application for adjustment of status, both the BIA and Immigration Judge ("IJ") incorrectly concluded that he was not eligible for that relief under INA § 212(a)(6)(C)(ii)(I), 8 U.S.C. § 1182(a)(6)(C)(ii)(I), on the basis that he falsely claimed that he was a United States citizen in a 2007 application for a Georgia Driver's license.  He principally contends that his false claim of citizenship was not material to obtaining a Georgia driver's license valid for ten years because he was eligible for a temporary driver's license  by virtue of his valid and renewable employment authorization document ("EAD").

When the BIA issues its own decision, we review only that decision, except where, as here, the BIA expressly adopts the IJ's opinion.  *See Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  We review *de novo* whether it has subject matter jurisdiction to consider a petition for review.  *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010).

Generally, we lack jurisdiction to review any claim by an alien regarding the granting of discretionary relief, including adjustment of status.  INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).  When this jurisdictional bar

2

applies, the BIA's factual determinations are unreviewable. *Jean-Pierre v. U.S. Att'y Gen.*, 500 F.3d 1315, 1320 (11th Cir. 2007). However, we do retain jurisdiction over constitutional claims or questions of law, which are reviewed *de novo*. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Lin v. U.S. Att'y Gen.*, 555 F.3d 1310, 1314 (11th Cir. 2009). Specifically, we retain jurisdiction to review non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief. *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1143 (11th Cir. 2009). Such questions require only the application of facts to the relevant law. *Id.* Eligibility for adjustment of status, which includes the admissibility determination, is a reviewable legal conclusion. S*ee Alvarez Acosta v. U.S. Att'y Gen.,* 524 F.3d 1191, 1197 n.14 (11th Cir. 2008) (describing the BIA's determination that a petitioner was ineligible for adjustment of status because he was inadmissible as a legal conclusion).

To qualify for adjustment of status, an alien must demonstrate that he is admissible to the United States for permanent residence. INA § 245(a)(2), 8 U.S.C. § 1255(a)(2). If an alien is an applicant for admission, he has the burden of establishing that he is "clearly and beyond doubt entitled to be admitted and is not inadmissible" under the INA. INA § 240(c)(2)(A), 8 U.S.C. § 1229(c)(2)(A).

An alien is inadmissible if he falsely represents himself as a United States citizen for any purpose or benefit under the INA or any other federal or state law.

3

INA § 212(a)(6)(C)(ii)(I), 8 U.S.C. § 1182(a)(6)(C)(ii)(I).  In *Patel v. U.S. Att'y Gen.*, 917 F.3d 1319 (11th Cir. 2019), we addressed what this section requires in a case that is factually similar to the instant case.  The BIA had earlier read into the statute both subjective intent and materiality requirements.  *See Matter of Richmond*, 26 I. & N. Dec. 779, 786-87 (BIA 2016).  Although we expressed doubt as to whether the statute contained a subjective intent requirement, we declined to review it as an unreviewable factual finding of the IJ.  *Patel*, 917 F.3d at 1326-27.  We expressly declined to follow the BIA in requiring materiality of the benefit procured by the false representation; we stated that the statute "does not require that citizenship be material to the purpose or benefit sought."  *Id.* at 1331-32.  Turning to the facts before it, the court noted that receiving a driver's license is a benefit and denied the petition.  *Id.* at 1332.

During the time that Singh procured his driver's license, Georgia law allowed those holding "valid documentary evidence of  . . . lawful presence in the United States under federal immigration law" to obtain a temporary license.  O.C.G.A. § 40-5-21.1(a).  Those temporary licenses are valid only for the period of time authorized for the immigrant's stay in the documentation.  Ga. Admin. Code 375-3-2-.01(1)(b).  By contrast, citizens' driver's licenses expire after 5 or 10 years.  *Id.* 375-3-2-.01(1)(a).

4

As an initial matter, because the BIA's decision affirmed a denial of adjustment of status pursuant to INA § 245(a), 8 U.S.C. § 1255(a), we retain jurisdiction over questions of law arising out of such a decision, which includes the question of Singh's statutory eligibility for adjustment of status. *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Mejia*, 562 F.3d at 1143. Moreover, as Singh notes, on appeal he only challenges the agency's findings as to the benefit under federal or state law.

We conclude that the BIA did not err in finding that Singh's false claim of citizenship in his 2007 Georgia driver's license application rendered him inadmissible under INA § 212(a)(6)(C)(ii)(I), 8 U.S.C. § 1182(a)(6)(C)(ii)(I), and that he was consequently ineligible to adjust his status. To the extent that Singh argues that his false claim was not material to obtaining the Georgia driver's license, that argument has been foreclosed by our decision in *Patel*. Additionally, like the alien in *Patel*, Singh has failed to show that the agency erred in concluding that when he falsely claimed United States citizenship in his 2007 application for a Georgia driver's license, he did so in pursuit of a state-law benefit—namely, a Georgia driver's license valid for 10 years, as opposed to the temporary license that was only valid until his immigration document expired a few months later. Accordingly, we deny his petition for review.

**PETITION DENIED**.

5