[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12114
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-21038-JJO

ERNESTO ALONSO MEJIA RODRIGUEZ,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 13, 2020)

Before MARTIN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this declaratory judgment action, Plaintiff Ernesto Mejia Rodriguez appeals the district court's grant of summary judgment in favor of the United States Citizenship and Immigration Service ("USCIS") and the Department of Homeland Security ("DHS") (collectively, "the government"). No reversible error has been shown; we affirm.

I.     Background

Plaintiff is a native and citizen of Honduras. In 1999, Plaintiff applied for Temporary Protected Status ("TPS"), pursuant to 8 U.S.C. § 1254a. Briefly stated, TPS is a form of temporary relief available to citizens of countries designated by DHS due to unsuitable living conditions, such as those caused by a natural disaster. See 8 U.S.C. § 1254a; Mejia Rodriguez v. U.S. Dep't of Homeland Sec., 562 F.3d 1137, 1140 (11th Cir. 2009). At all times pertinent to this appeal, Honduras was designated for inclusion in the TPS program.

An alien is ineligible for TPS, however, if he "has been convicted of . . . 2 or more misdemeanors committed in the United States." 8 U.S.C. § 1254a(c)(2)(B)(ii). For purposes of the TPS program, the term "misdemeanor" is

2

defined as "a crime committed in the United States" that is "[p]unishable by imprisonment for a term of one year or less, regardless of the term such alien actually served, if any . . .." 8 C.F.R. § 244.1.

In his 1999 TPS application, Plaintiff disclosed his criminal history, including these convictions: (1) a 1985 conviction for refusal to pay transit fare at a Miami MetroRail station and (2) 1986 conviction for possession of marijuana and for driving with a suspended license.

Despite Plaintiff's criminal history, Plaintiff's TPS application was granted. In accordance with the TPS program, Plaintiff submitted periodic re-registration applications to retain his TPS. In 2006, however, the USCIS denied Plaintiff's re-registration application on grounds that Plaintiff was ineligible for TPS: he had two or more disqualifying misdemeanor convictions.

Plaintiff has since raised several challenges to the USCIS's determination about his eligibility for TPS, resulting in a twisting and lengthy procedural history. We set forth only those facts pertinent to this appeal.[1]

In 2011, this Court determined that Plaintiff's 1986 charges -- to which Plaintiff pleaded guilty and was sentenced to time served -- qualified as a

---

[1] The procedural history of this case is described more fully in the district court's 22 May 2019 order and also in our earlier decisions in Mejia Rodriguez v. U.S. Dep't of Homeland Sec., 562 F.3d 1137 (11th Cir. 2009), and in Mejia Rodriguez v. U.S. Dep't of Homeland Sec., 629 F.3d 1223 (11th Cir. 2011).

3

"conviction" under 8 U.S.C. § 1101(a)(48).  Mejia Rodriguez v. U.S. Dep't of Homeland Sec., 629 F.3d 1223, 1228 (11th Cir. 2011).  Plaintiff conceded that his 1985 refusal-to-pay charge constituted a "conviction" for immigration purposes.  Id. at 1225.  Because Plaintiff thus had at least two misdemeanor convictions, we affirmed the district court's denial of declaratory relief.  Id. at 1228.

After this Court's 2011 decision, Plaintiff reapplied for TPS.  Plaintiff argued -- based on two new policy memoranda issued by the USCIS -- that his 1985 and 1986 convictions no longer constituted disqualifying misdemeanor convictions for purposes of TPS.  The first policy memorandum (the "New York Memo") provided that certain "violations" under New York law were excluded from consideration in determining eligibility for TPS.  The second policy memorandum (the "Florida Memo") provided that certain Florida misdemeanor convictions failed to meet the definition of "misdemeanor" under the TPS program.

The USCIS denied Plaintiff's TPS application; Plaintiff then appealed that decision to the Administrative Appeals Office ("AAO").  The AAO dismissed Plaintiff's appeal on 18 September 2017.  In a detailed, 14-page non-precedential decision, the AAO concluded that the policies announced in the New York Memo and in the Florida Memo were inapplicable to Plaintiff's 1985 and 1986

convictions. Because Plaintiff had at least two disqualifying misdemeanor convictions, the AAO determined that Plaintiff was ineligible for TPS.[2]

Plaintiff then filed in the district court the complaint for declaratory relief at issue in this appeal. The district court concluded that the AAO's 18 September decision was not arbitrary and capricious. The district court thus entered summary judgment in favor of the government.

## II.    Standard of Review

We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court. Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007).

Under the Administrative Procedure Act ("APA"), a reviewing court may set aside agency actions, findings, and conclusions if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). "To determine whether an agency decision was arbitrary and capricious, the reviewing court 'must consider

---

[2] The AAO also determined that Plaintiff's 1986 charges for possession of marijuana and for driving with a suspended licensed resulted in two separate convictions for purposes of TPS. The AAO also discussed Plaintiff's drug-related conviction as an additional alternative ground for TPS ineligibility. Because we conclude that Plaintiff is ineligible for TPS based on his 1985 and 1986 convictions (regardless of whether his 1986 charges resulted in one or two convictions), we need not address these issues in this appeal.

whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" N. Buckhead Civic Ass'n v. Skinner, 903 F.2d 1533, 1538 (11th Cir. 1990).

"[T]he arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal; administrative decisions should be set aside in this context only for substantial procedural or substantive reasons as mandated by statute, not simply because the court is unhappy with the result reached." Id. at 1538-39 (quotations and alterations omitted). This standard of review is "exceedingly deferential." Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996).

III.    Discussion

A.    New York Memo & 1985 Conviction

The New York Memo provides that certain "violations" of New York local laws, rules, and ordinances shall not be considered disqualifying misdemeanors for purposes of the TPS program. The "violations" addressed by the New York Memo are those that "are not considered 'crimes' under state law, do not constitute misdemeanors or felonies, and may not be punished by more than 15 days of

6

imprisonment."  The New York Memo explained that -- although these "violations" would qualify technically as "misdemeanors" under 8 C.F.R. § 244.1 -- "deeming such New York violations as disqualifying an individual for TPS would be in tension with the humanitarian purpose of the TPS program and would lead to incongruous results."

Plaintiff seeks to apply the policy established in the New York Memo to his 1985 Florida conviction for refusal to pay transit fare.  Because his 1985 conviction was for a violation of a county ordinance, Plaintiff contends that the conviction should be excluded from consideration in determining his eligibility for TPS.  The AAO rejected Plaintiff's argument.

Plaintiff's convictions have no contact with New York or New York law. The AAO provided a reasoned explanation for concluding that the New York Memo was inapplicable to Plaintiff's 1985 conviction.  The AAO first explained that the policy established in the New York Memo was based both on New York's statutory classification of offenses and also on the prescribed maximum punishments for those offenses.  The AAO's interpretation of the New York Memo is consistent with the Memo's plain language.

The AAO also determined reasonably that Plaintiff's 1985 Florida conviction is distinguishable from the kinds of violations addressed by the New York Memo.  The AAO determined that Florida law -- the misconduct happened in

7

Florida -- provided identical maximum punishments for both ordinance violations and for second degree misdemeanors. Florida law also provided that violations of county ordinances would be prosecuted in a manner identical to the prosecution of misdemeanors. The AAO thus concluded that Florida -- unlike New York -- "neither classifies nor considers ordinance violations as less severe than those offenses it has designated as misdemeanors . . .." As a result, the AAO determined that Plaintiff's 1985 conviction was not subject to an exemption "under the rubric of the New York memorandum."

In support of his arguments on appeal, Plaintiff seems to place greater stress on the single-sentence policy statement in the New York Memo (noting the "humanitarian purpose of the TPS program" and the need to avoid "incongruous results") than on the defining characteristics of the New York "violations" exempted by the Memo. That Plaintiff's interpretation (even if a reasonable one) about the scope of the New York Memo differs from the AAO's interpretation is no evidence (or is insufficient evidence) that the AAO's interpretation is arbitrary or capricious.

B.    Florida Memo & 1986 Conviction[3]

---

[3] In the district court and on appeal, Plaintiff has raised no challenge to the AAO's determination that the Florida Memo was inapplicable to Plaintiff's 1985 conviction.

The Florida Memo addressed whether a Florida conviction for an offense that was certified by the state or local court as a "no jail" or "no incarceration" offense -- pursuant to Fla. R. Crim. P. 3.994 -- constitutes a disqualifying misdemeanor for purposes of TPS. The Florida Memo noted that a "no jail" or "no incarceration" certification "fundamentally changes the maximum possible sentence for an offense by removing the possibility of incarceration for that offense." Because such offenses are not punishable by imprisonment, they fall outside the definition of a "misdemeanor" under 8 C.F.R. § 244.1.

Plaintiff contends that -- under the Florida Memo -- his 1986 conviction constitutes no "misdemeanor" because Plaintiff was sentenced only to "time served" and received no additional term of imprisonment. The AAO rejected Plaintiff's position.

The AAO noted that the purpose of Florida's no-jail certification procedure is to allow the trial court to conduct criminal proceedings without a constitutional obligation to appoint counsel for indigent defendants. The AAO explained that "[t]he significance of the certification is its effect of removing imprisonment as a possible sentence prior to a finding of guilt, or a plea of guilty or nolo contendre." (emphasis in original). The Florida Memo thus applies only to offenses where no possibility of imprisonment existed at the time of the original criminal proceedings

9

-- not "to offenses where imprisonment was not actually imposed, but could have been."

The AAO determined that the record contained no evidence that a no-jail certificate (or other similar certification)[4] was issued for Plaintiff's 1986 convictions. Nor did the record contain information about whether Plaintiff was appointed a lawyer, retained his own lawyer, or waived his right to a lawyer. In short, nothing evidenced that Plaintiff -- before he entered his plea -- faced no possible sentence of imprisonment. That Plaintiff was sentenced to "time served" -- by itself -- was no proof that the trial court lacked authority to impose an additional term of imprisonment. The AAO thus concluded reasonably that Plaintiff's 1986 convictions failed to satisfy the criteria for the exception set forth in the Florida Memo.

On this record and under the deferential standard of review applicable in this appeal, we cannot conclude that the AAO's decision was arbitrary and capricious. The district court thought the AAO provided reasoned explanations for its determination that neither the New York Memo nor the Florida Memo applied to exempt Plaintiff's 1985 and 1986 convictions. The AAO's articulated reasons are

---

[4] The AAO acknowledged that Rule 3.994 first took effect in 2003. To the extent no similar procedure was available in 1986, the AAO said that the Florida Memo would have no application to Plaintiff's conviction. In considering Plaintiff's argument, however, the AAO assumed that some similar process was available to Plaintiff.

10

rational and supported by the record.  Accordingly, we affirm the district court's grant of summary judgment in favor of the government.

AFFIRMED.