[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-12305

_____

DARWIN LOPEZ-SERRANO,

                                                                Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A074-729-481

_____

Before ROSENBAUM, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

Darwin Lopez-Serrano petitions this Court to review a precedential decision by the Board of Immigration Appeals ("Board") affirming an Immigration Judge's denial of his application for withholding of removal under 8 U.S.C. § 1231(b)(3) and for protection under the Convention Against Torture ("CAT"). *Matter of D-L-S-*, 28 I&N Dec. 568 (BIA 2022). The Board denied Lopez-Serrano's application based on its interpretation of a phrase in the "particularly serious crime" bar to withholding of removal, 8 U.S.C. § 1231(b)(3)(B)(ii). *Id.* Lopez-Serrano challenges the Board's interpretation of this statutory language and its application to his case. After careful review of the record and the law and with the benefit of oral argument, we deny Lopez-Serrano's petition.

## I.    Background

Lopez-Serrano is a citizen of Mexico who first entered the United States in 1996 without inspection. He returned to Mexico in May 2009 after an Immigration Judge ("IJ") granted him voluntary departure. But three months later, he reentered the United States, again without inspection. The Department of Homeland Security ("DHS") initiated removal proceedings in October 2013.

### A.  *Factual Background*

In 1999, Lopez-Serrano was arrested following a violent confrontation with a coworker at a gas station. He pled *nolo contendere* to felony battery, Fla. Stat. Ann. § 784.041, on January 31, 2001.[1]

That same day, the Florida state court placed Lopez-Serrano on probation for five years with conditions; assessed fines, costs, and restitution; and ordered him not to contact the victim. That court also deferred, or withheld, the adjudication of his guilt.[2]

As far as we know, Lopez-Serrano never appealed his deferred adjudication, probation, fine, costs, restitution, or no-contact order.

### B. Procedural History

In October 2013, DHS charged Lopez-Serrano with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as a non-citizen present in the United States without being admitted or paroled, and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a non-citizen not in possession of a valid entry document.

Lopez-Serrano responded by filing an I-589 Application for withholding of removal under 8 U.S.C. § 1231(b)(3) and for protection under the CAT. DHS moved to terminate his application on the ground that he had been "convicted of a particularly serious crime." Under this provision of the Immigration and Nationality

---

[1] Like the parties and the Board, we presume Lopez-Serrano pled *nolo contendere* to felony battery under Fla. Stat. Ann. § 784.041.

[2] Like the parties and the Board, we presume the state court withheld Lopez-Serrano's adjudication under Fla. Stat. Ann. § 948.01(2).

Act ("INA"), an applicant is ineligible for withholding of removal if, "having been convicted by a final judgment of a particularly serious crime[, he] is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii).

In an oral decision, the IJ sustained both charges of removability and denied Lopez-Serrano's application for withholding of removal and for protection under the CAT. In relevant part, the IJ concluded that Lopez-Serrano's withheld adjudication for felony battery constitutes a "convict[ion] by a final judgment of a particularly serious crime."

Lopez-Serrano appealed the IJ's decision to the Board—specifically, the IJ's determination that he had been convicted by a final judgment of a "particularly serious crime." But the Board dismissed Lopez-Serrano's appeal in a single-member decision. That decision held that Lopez-Serrano's withheld adjudication for felony battery constitutes "a particularly serious crime based upon its elements."

Lopez-Serrano timely petitioned this Court for review. But the Government asked us to remand to allow the Board to consider further the "particularly serious crime" bar. Lopez-Serrano didn't oppose remand. So we remanded the case to the Board on March 30, 2017.

On remand, the Board reviewed *de novo* and dismissed Lopez-Serrano's appeal for a second time, this time in a published decision. *Matter of D-L-S-*, 28 I&N Dec. at 578. It reviewed the statutory language of the "particularly serious crime" bar and

determined that, given his withheld adjudication for felony battery, Lopez-Serrano has been "convicted by a final judgment" of a "particularly serious crime." *Id.* at 570–78.

Lopez-Serrano timely petitioned this Court for review a second time.

## II.    Standard of Review

We review *de novo* the Board's legal determinations. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (citing *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006)).

## III.    Discussion

Lopez-Serrano asserts that his deferred adjudication wasn't a "convict[ion] by a final judgment of a particularly serious crime" that renders him ineligible for withholding of removal.

Under the "particularly serious crime" bar, an applicant is ineligible for withholding of removal if, "having been convicted by a final judgment of a particularly serious crime[, he] is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii).

Lopez-Serrano argues that the phrase "convicted by a final judgment" unambiguously imposes a finality requirement. That is, he reads the "particularly serious crime" bar to apply only if an applicant has exhausted or forfeited all of his appeals for his conviction. Because the Board's interpretation of "convicted by a final judgment" doesn't impose that type of finality requirement, he

claims that the Board has effectively rewritten the statute to redundantly bar any applicant "convicted by a conviction."[3]

For us to reach this same conclusion, Lopez-Serrano suggests our analysis follow one of three alternative avenues. First, he asserts that we may determine that the Board's interpretation doesn't merit deference, under either *Chevron*[4] or *Skidmore*,[5] and

---

[3] Lopez-Serrano also argues that a Florida deferred adjudication can *never* be a conviction by a final judgment because it is not a conviction, and does not impose a sentence, under Florida law -- and that we should use Florida, and not federal, law to interpret the phrase "convicted by a final judgment." But we have unequivocally said that terms in the INA are interpreted under federal law, not state law. *See Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 629 F.3d 1223, 1228 (11th Cir. 2011); *see also NLRB v. Nat. Gas Util. Dist.*, 402 U.S. 600, 603 (1971) ("[I]n the absence of a plain indication to the contrary . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." (citation omitted)). That Florida might not consider Lopez-Serrano to have been adjudicated, convicted, or sentenced, is not relevant to the federal government's interpretation of those terms for immigration purposes under the INA.

[4] Under *Chevron* deference, we must accept an agency's reasonable interpretation of an ambiguous statute. *See Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019) (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984)). We apply *Chevron* deference only if the statute is ambiguous, "Congress explicitly or implicitly 'expect[s] the agency'" to interpret a statute, and the agency "acts in line with that expectation." *Martin v. Soc. Sec. Admin., Comm'r*, 903 F.3d 1154, 1159 (11th Cir. 2018) (quoting *United States v. Mead Corp.*, 533 U.S. 218, 229 (2001)).

[5] When *Chevron* deference is inappropriate, we may instead apply a lesser degree of deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). *Martin*, 903 F.3d at 1160. Under *Skidmore* deference, an agency's interpretation "carries a weight" that depends on "'the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later

22-12305                Opinion of the Court                7

instead adopt his reading of the statute.  Second, he contends that we may apply the *Chevron* framework but refuse to defer to the Board's interpretation on the ground that Congress unambiguously intended a finality requirement.  Or third, he argues that we may apply the *Chevron* framework but refuse to defer to the Board's interpretation as an arbitrary and capricious interpretation of the statute.

But we do not reach the merits of this question.  Even if we adopted his interpretation, Lopez-Serrano has been "convicted by a final judgment" of a particularly serious crime.[6]  He pled *nolo contendere* to felony battery, Fla. Stat. Ann. § 784.041, on January 31, 2001.  That same day, the state court withheld his adjudication of guilt; imposed five years of supervised release; assessed fees, costs, and restitution; and imposed a no-contact order.  Lopez-Serrano therefore was "convicted," as the INA defines the term, on January 31, 2001.  8 U.S.C. § 1101(a)(48)(A).[7]

---

pronouncements, and all those factors which give it power to persuade, if lacking power to control.'"  *Quinchia v. U.S. Att'y Gen.*, 552 F.3d 1255, 1259 (11th Cir. 2008) (quoting *Skidmore*, 323 U.S. at 140).

[6] The Board concluded—and Lopez-Serrano does not challenge—that felony battery is a "particularly serious crime."

[7] As relevant here, the INA defines "conviction" as a withheld adjudication of guilt, where the non-citizen has "entered a plea of guilty or *nolo contendere* or has admitted sufficient facts to warrant a finding of guilt" and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed."  8 U.S.C. § 1101(a)(48)(A).  This definition governs all uses of

And his conviction has been final, according to Lopez-Serrano's definition of the term, since March 2, 2001, at the latest. The date depends on whether he expressly reserved his right to appeal when he pled *nolo contendere*. Here, the record indicates no such reservation. If he failed to expressly reserve his right to appeal, his conviction became final on January 31, 2001. Fla. Stat. Ann. § 924.051(4) ("If a defendant pleads *nolo contendere* without expressly reserving the right to appeal a legally dispositive issue, . . . the defendant may not appeal the judgment or sentence."). But even if Lopez-Serrano did expressly reserve his right to appeal, his conviction became final 30 days later, on March 2, 2001. *Id.* § 924.09; Fla. R. App. P. 9.140(b)(3).

Either way, Lopez-Serrano had no appellate rights twelve years later, when DHS initiated his 2013 removal proceedings. And even if we considered Lopez-Serrano's case to somehow remain open during the pendency of his probationary period imposed in connection with his *nolo contendere* plea, that period also ended years before DHS sought to remove Lopez-Serrano. So any appellate rights Lopez-Serrano may have had relating to that conviction unambiguously expired long before the 2013 removal proceedings began. In short, even assuming without deciding that Lopez-Serrano is correct that the phrase "convicted by a final judgment" imposes a finality requirement, he cannot escape the Board's

---

the term "conviction" in Chapter 12 of Title 8 of the U.S. Code, which includes the "particularly serious crime" bar. 8 U.S.C. § 1101(a).

determination that he has been "convicted by a final judgment of a particularly serious crime."

### IV.    Conclusion

For the reasons we have explained, we deny Lopez-Serrano's petition.

**PETITION DENIED.**